**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Tamika Yolanda Williams, Appellant.

Appellate Case No. 2022-000457

---

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-091
Submitted January 1, 2024 – Filed March 20, 2024

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

---

**PER CURIAM:**  Tamika Yolanda Williams appeals her conviction for homicide by child abuse and her sentence of twenty-five years' imprisonment.  On appeal, Williams argues the trial court erred by (1) admitting her inculpatory police

statement; (2) admitting color versions of the victim's autopsy photographs; and (3) denying her motion for a directed verdict after the State failed to put forth evidence of extreme indifference. We affirm pursuant to Rule 220(b), SCACR.

1. We find the trial court did not abuse its discretion in admitting the tape of Williams's inculpatory police statements because Williams was advised of her rights before the interview and the totality of the circumstances indicate her statements were made voluntarily. *See State v. Miller*, 441 S.C. 106, 119, 893 S.E.2d 306, 313 (2023) ("[T]he question of voluntariness presents a mixed question of law and fact."); *id.* ("[Appellate courts] review the trial court's factual findings regarding voluntariness for any evidentiary support. However, the ultimate legal conclusion—whether, based on those facts, a statement was voluntarily made—is a question of law subject to de novo review."); *State v. Wallace,* 440 S.C. 537, 542, 892 S.E.2d 310, 312 (2023) ("[A] trial court acts outside of its discretion when the ruling is not supported by the evidence or is controlled by an error of law."); *Moran v. Burbine*, 475 U.S. 412, 421 (1986) ("*Miranda* holds that '[t]he defendant may waive effectuation' of the rights conveyed in the warnings 'provided the waiver is made voluntarily, knowingly and intelligently.'" (alteration in original) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966))); *Miller*, 441 S.C. at 120, 893 S.E.2d at 313-14 ("In analyzing whether a defendant's will was overborne and the resulting confession was offensive to due process, courts must consider the totality of the circumstances, including the details of the interrogation and the characteristics of the defendant."); *State v. Miller*, 375 S.C. 370, 386, 652 S.E.2d 444, 452 (Ct. App. 2007) (stating appellate courts in South Carolina have found appropriate factors to consider in the totality-of-circumstances analysis to include "background, experience, and conduct of the accused; age; length of custody; police misrepresentations; isolation of a minor from his or her parent; threats of violence; and promises of leniency"); *State v. Anderson*, 440 S.C. 124, 137–38, 889 S.E.2d 615, 622 (Ct. App. 2023) ("Absent coercive police conduct causally related to a confession, there is no basis for finding a confession constitutionally involuntary. A defendant's mental condition in and of itself does not render a statement involuntary in violation of due process." (quoting *State v. Hughes*, 336 S.C. 585, 594, 521 S.E.2d 500, 505 (1999))).

2. We find the trial court did not abuse its discretion in admitting the color photographs from the victim's autopsy depicting his skull because they corroborated witness testimony, were relevant to illustrate that the victim's injuries were intentional and not accidental, and their probative value was not substantially outweighed by the risk of unfair prejudice. *See* Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the

danger of unfair prejudice"); *Wallace,* 440 S.C. at 541-42, 892 S.E.2d at 312 ("We will not reverse a trial court's ruling on an evidence question unless we find the court abused its discretion, or . . . unless we find the trial court has not acted within the discretion we grant to trial courts. . . . [A] trial court acts outside of its discretion when the ruling is not supported by the evidence or is controlled by an error of law."); *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 27 (2014) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court." (quoting *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996))); *id.* at 534, 763 S.E.2d at 28 ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))); *State v. Gilchrist*, 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct. App. 1998) ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis."); *State v. Torres*, 390 S.C. 618, 623, 703 S.E.2d 226, 228 (2010) ("Photographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions."); *id*. at 623, 703 S.E.2d at 229 ("[A]utopsy photographs may be presented to the jury in an effort to show the circumstances of the crime and character of the defendant."); *State v. Nelson,* 440 S.C. 413, 423, 891 S.E.2d 508, 513 (2023) ("[P]hotos should not be excluded on the ground they were gruesome when the photos were 'highly probative, corroborative, and material in establishing the elements of the offenses charged.'" (quoting *Collins*, 409 S.C. at 535, 763 S.E.2d at 28)); *State v. Heyward*, 441 S.C. 484, 502-04, 895 S.E.2d 658, 668-69 (2023) (affirming the admission of autopsy photographs when the photographs illustrated a contested point at trial).

3. We hold the trial court properly denied Williams's motion for directed verdict because, when viewing the evidence in the light most favorable to the State, the State presented substantial circumstantial evidence that demonstrated Williams committed child abuse under circumstances manifesting extreme indifference to human life, which led to the death of the victim. The State presented evidence showing the victim's injuries were intentional and Williams was the only person awake and capable of inflicting the injuries at the time of the incident. *See State v. Smith*, 359 S.C. 481, 491-92, 597 S.E.2d 888, 894 (Ct. App. 2004) (finding there was substantial circumstantial evidence when there was evidence the victim sustained several intentional injuries and defendants were the only people present who could have inflicted them). Additionally, the State presented Williams's interview with police in which she gave contradicting accounts of what happened in the hours after the victim's death, including admissions that she dropped the

victim.  *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, [an appellate c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *State v. Zeigler*, 364 S.C. 94, 101, 610 S.E.2d 859, 863 (Ct. App. 2005) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Harris*, 342 S.C. 191, 203, 535 S.E.2d 652, 658 (Ct. App. 2000) ("If the State presents any evidence which reasonably tends to prove the defendant's guilt or from which the defendant's guilt could be fairly and logically deduced, the case must go to the jury."); *Zeigler*, 364 S.C. at 102, 610 S.E.2d at 863 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

**AFFIRMED.**[1]

**MCDONALD and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.